FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 17, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| XAVIER B., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:25-CV-00186-ACE <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> **ECF Nos. 10 & 12** |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 10, 12. Attorney Asa LaMusga represents Plaintiff; Special Assistant United States Attorney Jeffrey E. Staples represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion.

## JURISDICTION

Plaintiff protectively filed an application for child disability benefits on January 9, 2020, alleging onset of disability on January 13, 2005. Tr. 458-459. Plaintiff later amended the alleged onset date to January 9, 2020. Tr. 1175. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on June 17, 2021, and issued an unfavorable decision on August 17, 2021. The Appeals Council denied Plaintiff's request for review on September 2, 2022. Tr. 1-7. A civil action was then filed in this Court which resulted in a stipulated remand on March 27, 2023. Tr. 1044-1046. ALJ Palachuk held a new administrative hearing on December 21, 2023. Tr.

974-1004, and issued an unfavorable decision on February 28, 2024, Tr. 947-967. The Appeals Council denied Plaintiff's written objections on March 26, 2025, Tr. 937-943, making the ALJ's decision the Commissioner's final decision for purposes of judicial review, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 30, 2025. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

ORDER GRANTING DEFENDANT'S MOTION . . . - 2

# SEQUENTIAL EVALUATION PROCESS
## **Childhood Disability**

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is engaged in substantial gainful activity; (2) if not, whether the child has a medically determinable severe impairment; (3) and, if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924.

If the Commissioner determines at step three that the claimant has an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, the analysis ends there. If not, the Commissioner decides whether the child's impairment results in limitations that functionally equal a listing. 20 C.F.R. § 416.926a(a). In determining whether an impairment or combination of impairments functionally equal a listing, the Commissioner assesses the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your impairment(s) affect your functioning and whether your activities are typical of other children your age who do not have impairments":

ORDER GRANTING DEFENDANT'S MOTION . . . - 3

  (i) What activities are you able to perform?

  (ii) What activities are you not able to perform?

  (iii) Which of your activities are limited or restricted compared to other children your age who do not have impairments?

  (iv) Where do you have difficulty with your activities – at home, in childcare, at school, or in the community?

  (v) Do you have difficulty independently initiating, sustaining, or completing activities?

  (vi) What kind of help do you need to do your activities, how much help do you need, and how often do you need it?

20 C.F.R. § 416.926a(b)(2)(i)-(vi).

  The evaluation of functional equivalence begins "by considering the child's functioning without considering the domains or individual impairments." Title XVI: Determining Childhood Disability Under the Functional Equivalence Rule – The "Whole Child" Approach, SSR 08-1p, 2009 WL 396031 (Feb. 17, 2009). The rules provide that "[w]hen we evaluate your functioning and decide which domains may be affected by your impairment(s), we will look first at your activities and limitations and restrictions." *Id*. citing 20 C.F.R. § 416.926a(c). The rules instruct the Commissioner to:

> Look at information we have in your case record about how your functioning is affected during all your activities when we decide whether your impairment or combination of impairments functionally equals the listings. Your activities are everything you do at home, at school, and in your community.

*Id*. citing 20 C.F.R. § 416.926a(b). The severity of limitation in each affected functional domain is then considered. This technique is called the "Whole Child" approach.

///

ORDER GRANTING DEFENDANT'S MOTION . . . - 4

### Adult Disability

With respect to adults, the Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### ADMINISTRATIVE DECISION

On February 28, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 947-967.

With respect to the childhood standard of disability, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date, January 9, 2020. Tr. 952. At step two, the ALJ determined Plaintiff suffered from the following severe impairment: autism, attention deficit hyperactivity disorder, depressive disorder, and generalized anxiety disorder. Tr. 952. The ALJ found at step three that the evidence of record demonstrated Plaintiff's impairments, although severe, did not meet, medically equal, or functionally equal the criteria of any of the listed impairments. Tr. 953. As to the six domains (functional equivalence), the ALJ concluded Plaintiff had less than a

marked limitation in acquiring and using information, less than a marked limitation in attending and completing tasks, a marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, less than a marked limitation in caring for himself, and no limitation in health and physical well-being. Tr. 955. The ALJ thus determined Plaintiff's impairments resulted in only one marked limitation and no extreme limitations. Because Plaintiff did not have an impairment or combination of impairments that met or medically or functionally equaled the listings, it was determined that Plaintiff was not disabled prior to attaining age 18. Tr. 962.

Plaintiff attained age 18 on January 12, 2023. Tr. 952. With respect to the adult standard of disability, the ALJ determined Plaintiff did not develop any new impairment or impairments since attaining age 18; he continued to have a severe impairment or combination of impairments but his impairments did not meet or medically equal the severity of one of the listed impairments; he had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with several nonexertional limitations; he had no past relevant work; and, based on the testimony of the vocational expert and considering Plaintiff age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the jobs of cleaner housekeeping, labeler, and industrial cleaner. Tr. 962-966.

Accordingly, the ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the January 9, 2020 disability application date, through the date of the ALJ's decision, February 28, 2024. Tr. 967.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred in this case by (1) finding he only had a mild limitation with his ability to understand, remember or apply information; (2) failing to properly assess the functional domains; and (3) finding "persuasive" the opinion of medical expert Ann Monis, Psy.D.. ECF No. 10 at 2.

Plaintiff does not specifically challenge the ALJ's adult disability determination.

## DISCUSSION

**A.     Ann Monis, Psy.D.**

Plaintiff asserts the ALJ erred by finding "persuasive" the opinion of medical expert Ann Monis, Psy.D.. ECF No. 10 at 11-14.

Dr. Monis testified at the 2023 administrative hearing that Plaintiff had a mild limitation with understanding, remembering or applying information, a marked limitation with interaction with others, a moderate limitation with concentration, persistence or pace, and a mild limitation with adapt or manage oneself. With regard to the functional domains, Dr. Monis opined Plaintiff had less than marked limitation in acquiring and using information, less than marked limitation in attending and completing tasks, marked limitation in interacting and relating with others, no limitation moving about and manipulation objects, no limitation in caring for self, and no limitation with health and physical well-being. Tr. 980-981, 983.

The ALJ found the opinions expressed by Dr. Monis "persuasive," concluding her opinions were supported by explanations at the hearing and consistent with the record as a whole, including the limitations assessed by other medical professionals of record. Tr. 960-961.

Plaintiff contends the ALJ should have rejected Dr. Monis' opinions as unsupported and inconsistent with the record evidence. ECF No. 10 at 11-14; ECF No. 13 at 4-5. However, Plaintiff does not identify any contradictory medical source opinion evidence, nor does Plaintiff argue that the ALJ erred by rejecting

the opinion of any medical professional in this case other than Dr. Monis. The Court finds Dr. Monis explained her review of the record and how the evidence supported her conclusions at the administrative hearing, Tr. 979-980, and that Dr. Monis' opinion was consistent with all objective medical evidence of record, *see* Tr. 381, 391, 910, 960, 983, 1009, 1526-1527. Accordingly, the ALJ's assessment that Dr. Monis was persuasive is supported by substantial evidence. The Court finds that the ALJ did not err by crediting Dr. Monis' opinions.

**B.    Step Three - - *Per Se* Disabling Impairments**

Plaintiff argues the ALJ erred at step three by finding he has only a mild limitation in understanding, remembering, or applying information, which resulted in a determination that Plaintiff's impairments did not meet or medically equal a listed impairment. ECF No. 10 at 8.

At step three, a claimant is automatically presumed disabled if his severe impairment(s) meet or medically equal a listed impairment. To show error in an ALJ's step-three finding, a claimant must identify "which listing [he] believes [he] meets or equals," and then set forth "evidence which would support the diagnosis and findings of a listed impairment." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Here, the ALJ analyzed Listings 112.04, 112.06, 112.10, and 112.11. Tr. 953-954. In order to meet or medically equal these Listings, Plaintiff must be found to have an "extreme limitation of one, or marked limitation of two," of the four broad areas of mental functioning:  understanding, remembering, and applying information; interacting with others; concentration, persistence, and pace; and adapting and managing oneself. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 112.04B. The ALJ determined Plaintiff had a mild limitation in understanding, remembering, and applying information, a marked limitation in interacting with others, a moderate limitation in concentration, persistence, and pace, and a moderate limitation in adapting or managing oneself and thus found that Plaintiff

did not satisfy the criteria of Listings 112.04, 112.06, 112.10, and 112.11.  Tr. 953-954.

As correctly asserted by Defendant, although Plaintiff argued that the ALJ erred by finding only a mild limitation in understanding, remembering, and applying information, Plaintiff did not state how severe he believed that limitation should be categorized, nor did he provide any specific medical record support for a finding of a greater limitation in understanding, remembering, and applying information.  *See* ECF No. 10 at 8-11.  Instead, Plaintiff points to evidence in the record that the ALJ had already assessed and ostensibly requests that this Court reweigh that evidence.  *Id*.  However, it is not the role of this Court to second-guess the Commissioner.  If evidence supports more than one rational interpretation, the decision of the ALJ must be upheld.  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (finding the Court must ultimately uphold the Commissioner's decision where the evidence is susceptible to more than one rational interpretation).

The ALJ's finding that Plaintiff had a mild limitation in understanding, remembering, and applying information is supported by substantial evidence.  As indicated by the ALJ, a 2020 teacher questionnaire, February 2021 IEP update and subsequent counseling treatment note reflect that Plaintiff had some problems, but those issues were believed to be due to a lack of confidence, anxiety, and situational stressors related to his family situation, not cognitive difficulties.  Tr. 953.  The ALJ also noted, in addition to the opinion of the medical expert, objective findings were not consistent with more than a mild limitation in this area.  *See* Tr. 381, 391, 910, 960, 983, 1009, 1526-1527.  The Court declines to reweigh the evidence.

C.      **Step Three - - Functional Equivalence**

Plaintiff argues the ALJ also erred by failing to properly assess the functional domains in this case.  ECF No. 10 at 6-11.  Plaintiff specifically asserts

ORDER GRANTING DEFENDANT'S MOTION . . . - 9

he has a greater limitation in acquiring and using information than found by the ALJ; therefore, his severe impairments functionally equaled a listing. *Id*.

To functionally equal a listing, a claimant's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d). A "marked limitation" in a domain results when the child's impairment "interferes seriously" with the ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2). An "extreme limitation" in a domain results when the child's impairment interferes "very seriously" with his ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(3).

The ALJ weighed the medical record, Plaintiff's educational records, and the opinion evidence and found Plaintiff had less than a marked limitation in the functional domain of acquiring and using information.[1] Tr. 955. Plaintiff challenges this finding but, again, fails to articulate, with specific support, what level of limitation that functional domain should be assessed. Plaintiff again points to evidence the ALJ already evaluated and asks the Court to reweigh the evidence. ECF No. 10 at 8-10. However, as discussed above, it is not the role of this Court to second-guess the Commissioner. *See Lewis*, 498 F.3d at 911. In any event, the

---

[1] In the domain of acquiring and using information, an ALJ considers "how well you acquire or learn information, and how well you use the information you have learned." 20 C.F.R. § 416.926a(g). A claimant may be limited in acquiring and using information if he (1) does not demonstrate understanding of words about space, size, or time; (2) cannot rhyme words or the sounds in words; (3) has difficulty recalling important things he learned in school yesterday; (4) has difficulty solving mathematics questions or computing arithmetic answers; or (5) talks only in short, simple sentences and has difficulty explaining what he means. 20 C.F.R. § 416.926a(g)(3)(i)-(v).

Court concludes the ALJ's finding pertaining to this functional domain is supported by substantial evidence: Plaintiff was able to graduate from high school with a special education degree, on time, without failing any classes, Tr. 959, Plaintiff was found to have appropriate thought content/process and fair memory on exam, Tr. 910, 960, 1526-1527, and the medical expert and other reviewing medical professionals opined Plaintiff had less than a marked limitation in acquiring and using information, Tr. 381, 391, 983, 1009.

Since Plaintiff did not have marked limitations in at least two domains of functioning or an extreme limitation in one domain, the ALJ did not err by finding Plaintiff did not functionally equal a listing. *See* 20 C.F.R. § 416.926a(d).

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff is not entitled to a remand in this case. Accordingly, **IT IS HEREBY ORDERED:**

    1.    Defendant's motion to affirm, **ECF No. 12**, is **GRANTED**.

    2.    Plaintiff's motion to reverse, **ECF No. 10**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive shall file this Order and provide copies to counsel. **Judgment shall be entered for Defendant and the file shall be CLOSED**.

DATED November 17, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 11